IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOSEPH EDWARD STEIN, SR.,**

    **Petitioner,**

    **v.**                                **CIVIL ACTION NO. 1:04CV202**
                                                             **(Judge Stamp)**

**DOMINIC A. GUTIERREZ, SR., Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION/OPINION

### I. BACKGROUND

This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09. On September 15, 2004, the *pro se* petitioner, an inmate at FCI-Morgantown, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 asserting the Federal Bureau of Prisons ["BOP"] improperly calculated his good conduct time ["GCT"].

The petitioner was convicted in the United States District Court for the District of Maryland of destruction of property by fire and aiding and abetting. He was sentenced to 120 months imprisonment.

According to the petitioner, the BOP erred in interpreting 18 U.S.C. §3624(b) when it calculated his GCT at 47 days per year instead of 54 days per year thus violating the due process clause and the ex post facto clause.

The petitioner pursued this issue through the administrative remedy process provided by the BOP and was advised that his GCT has been properly calculated. Now, the petitioner seeks relief in this Court.

## II. ANALYSIS

**The Bureau of Prisons Properly Calculated the Petitioner's Good Time Credit**

18 U.S.C. §3624(b) delegates to the BOP the authority to award and calculate good time credits. This section provides as follows:

(b) Credit toward service of sentence for satisfactory behavior.

(1) Subject to paragraph (2), a prisoner who is serving a *term of imprisonment* of more than 1 year other than a *term of imprisonment* for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's *term of imprisonment*, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the *term of imprisonment* shall be prorated and credited within the last six weeks of the sentence.
(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.
(3) The Attorney General shall ensure that the Bureau of Prisons has in effect an optional General Educational Development program for inmates who have not earned a high school diploma or its equivalent.
(4) Exemptions to the General Educational Development requirement may be made as deemed appropriate by the Director of the Federal Bureau of Prisons.

18 U.S.C. §3624(b) (emphasis added).

The BOP has interpreted the statute as directing the BOP to award inmates 54 days of good time credit for each year served and to prorate the amount of GCT for the last partial year. See 28 C.F.R. §523.20. The formula used by the BOP to determine good time credits is set forth in the Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual CCCA.

The Fourth Circuit has recently found that the GCT statute is ambiguous, but that the BOP

2

has "reasonably interpreted the statute so as to require the calculation of GCT based upon the inmate's time served." Yi v. Federal Bureau of Prisons, ___ F. 3d ___, 2005 WL 1413897 (4th Cir. 2005). The Fourth Circuit further stated as follows:

> The view that a prisoner should accrue 54 days of credit for each 365 days of good behavior is consistent with Congress' mandate that the BOP reward a prisoner "at the end of each year" for good behavior demonstrated "during that year." 18 U.S.C. § 3624(b)(1). This language reflects "a clear congressional directive that the BOP look retroactively at a prisoner's conduct over the prior year, which makes it reasonable for the BOP only to award GCT for time served." Perez-Olivo, 394 F.3d at 53. Accordingly, we defer to the BOP's reasonable construction of 18 U.S.C. § 3624(b). Chevron, 467 U.S. at 843- 44.

Id. at *7.

The Fourth Circuit's decision is in agreement with the other circuits that have addressed this issue. See Perez-Olivo v. Chavez, 394 F. 3d 45 (1st Cir. 2005); O'Donald v. Johns, 402 F. 3d 172 (3d Cir. 2005); White v. Scibana, 390 F. 3d 997 (7th Cir. 2004); Brown v. Hemingway, 53 Fed. Appx. 338, 2002 WL 3185147 (6th Cir. 2002); Williams v. Lammana, 2001 WL 11306069 (6th Cir. 2001); Pacheco-Camacho v. Hood, 272 F. 3d 1266 (9th Cir. 2001), cert. denied, 535 U.S.1105 (2002).

Consequently, the BOP properly calculated the petitioner's GCT based on time served instead of sentence imposed, and he is entitled to no habeas relief.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE because the BOP's policy regarding GCT is proper.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation /Opinion to the *pro se* petitioner.

DATED: June 23, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE