IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH EDWARD STEIN, SR.,

    Petitioner,

v.                                           Civil Action No. 1:04CV202
                                                            (STAMP)
DOMINIC A. GUTIERREZ, SR., Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On September 14, 2004, the petitioner, Joseph Edward Stein, Sr. ("Stein"), appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the case to United States Magistrate Judge John S. Kaull, pursuant to Local Rule of Prisoner Litigation Procedure 83.09, to recommend disposition of this matter.

On June 23, 2005, Magistrate Judge Kaull entered a report recommending that the § 2241 petition be denied and dismissed with prejudice. The magistrate judge also informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. The petitioner filed objections to the report and recommendation on June 28, 2005.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's

recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Discussion

In his § 2241 petition, petitioner contends that the Bureau of Prisons ("BOP") has unlawfully calculated his good time credit ("GTC") in violation of 18 U.S.C. § 3624(b) by erroneously basing GTC upon actual time in prison rather than on the sentence imposed. Specifically, the petitioner argues that the BOP unlawfully calculated the petitioner's sentence at 47 days per year rather than 54 days per year. The petitioner argues that the BOP's calculation not only violates statutory mandates, but also violates the due process and the ex post facto clauses of the Constitution.

After reviewing the record, the magistrate judge concluded that the BOP properly calculated the petitioner's GCT and recommended that the petitioner's § 2241 petition be denied. The petitioner filed objections to the report and recommendation "for all the reasons set forth in the petitioner's original petition." Pet'r's Obj. at 1.

As the magistrate notes, the Fourth Circuit has recently addressed the issue of good time in Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005). In Yi, the court recognized that "term of imprisonment" in 18 U.S.C. § 3624(b) is ambiguous, but held that the BOP's interpretation of the statute as requiring GTC to be based upon the inmate's time served should be upheld because it is rational and consistent with the statute. Id.[1] Where the BOP's interpretation of § 3624(b) is reasonable, it is entitled to deference under Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984). Accordingly, this Court finds Stein's argument to be without merit.

### III. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, this § 2241 petition is DENIED and this civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

---

[1] Other circuits have also determined that the BOP's interpretation of 18 U.S.C. § 3624(b) is reasonable and lawful. See Perez-Olivio v. Chavez, 394 F.3d 45, 49 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005); White v. Scibana, 390 F.3d 997 (7th Cir. 2004); Brown v. Hemingway, 53 Fed. Appx. 338 (6th Cir. 2002); Williams v. Lammana 2001 WL 11306069 (6th Cir. 2001).

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 29, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE